UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MUSTAFA LOYAL,** | Civil Action No. 15-5769 (FLW) |
| **Plaintiff,** | |
| v. | OPINION |
| **GARY LANIGAN, COMMISSIONER, NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,** | |
| **Defendants.** | |

**WOLFSON, United States District Judge:**

    **I.**    **INTRODUCTION**

    This matter has been opened to the Court a motion to dismiss under Fed. R. Civ. P. 12(b)(6) brought by counsel for Defendants Gary Lanigan, Commissioner of the New Jersey Department of Corrections ("NJDOC"), and David Levay Administrative Analyst I, Division of Operations at the NJDOC, and on a motion to amend under Fed. R. Civ. P. 15(a)(2) brought by counsel for Plaintiff. Plaintiff's Complaint, brought pursuant to 42 U.S.C § 1983, seeks monetary compensation for work credits that he allegedly earned while serving a 30-year sentence for murder. Plaintiff allegedly could not use these work credits to reduce his mandatory sentence. For the reasons explained in this Opinion, the Court will deny Plaintiff's motion for leave to file an Amended Complaint as futile and grant Defendants' motion to dismiss.

    **II.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    The factual recitation in Plaintiff's original and proposed Amended Complaint are nearly identical.[1] Plaintiff's Original and Amended Complaint allege that "[o]n July 23, 1983, Plaintiff,

---

[1] Plaintiff lists a different address in his proposed Amended Complaint.

1

Mustafa Loyal, was arrested and charged with murder and weapons related offenses." (ECF No. 15-4. Am. Compl. at ¶ 6.) Plaintiff was subsequently indicted and tried by a jury, which returned guilty verdicts on all charges. (*Id.* at ¶¶ 7-8.) As a result of this conviction, on January 18, 1984, Plaintiff was sentenced to a total term of 30 years of imprisonment with a 30 year parole disqualifier. (*Id.* at ¶ 9.) The Complaint alleges that at the time of Plaintiff's offense, "prisoners confined within facilities throughout the State of New Jersey earned work credits, which could be used for remission of non-mandatory portions of a sentence, monetary compensation, or both," and Plaintiff allegedly accrued a total of 1813 work credits during his confinement. (*Id.* at ¶¶ 10-11.) These credits, which were awarded subsequent to the expiration of his mandatory term, were not and could not be utilized to reduce the term imposed. (*Id.*)

In 2013, after serving his 30 year mandatory term, Plaintiff was released from the Bayside State Prison in Leesburg, New Jersey. (*Id.* at ¶ 12.) At that time, Plaintiff wrote to Defendant Commissioner Gary Lanigan by letter dated October 12, 2013, which he forwarded via certified mail with return receipt requested. (*Id.* at ¶ 13.) In the letter, Plaintiff, sought and requested monetary compensation for work credits accrued and awarded.[2] (*Id.* at ¶ 14.) On October 19, 2013, Plaintiff received the following correspondence from the David Levay, an Administrative Analyst with the NJDOC Department of Operations:

> Your letter addressed to Commissioner Lanigan concerning earning credit for work and pay for the same was referred to me for response. Be advised that credit is earned for work when the inmate engages in productive work activity. The credits are applied toward service of the sentence, but cannot be used to reduce a mandatory minimum term. Additionally, inmates earn pay based on the job assignment and skill level of the duties. The DOC elects to award both credit and money to inmates engaged in work

---

[2] Plaintiff received verification of delivery of the certified mail on October 21, 2013, providing that the letter was acknowledged received by the Department of Corrections. (*Id.* at ¶ 15.)

2

> activities although the DOC has the option of awarding just one as described in statute. You were paid for the days you worked.

(*Id.* at ¶ 16.)  In his Amended Complaint, Plaintiff does not indicate whether he responded to the Defendant Levay's letter, but he alleges that he has not received any further correspondence from any New Jersey Department of Corrections official regarding his request for monetary compensation for work credits accrued and awarded.  (*Id.* at ¶ 17.)

Plaintiff, who is represented by counsel, filed his Original Complaint on July 24, 2015. (ECF No. 1.)  On January 21, 2016, Defendants' moved to dismiss the Original Complaint. (ECF No. 7.)  Plaintiff sought several extensions of time within which to file his opposition, which were granted by the Court.  (*See* ECF Nos. 8-14.)  Plaintiff did not ultimately file an opposition brief, however.  Instead, on March 25, 2016, Plaintiff filed a motion to amend/correct his Complaint pursuant to Fed. R. Civ. P. 15(a)(2), and attached a proposed Amended Complaint. As explained by Plaintiff's counsel in the motion, the "new complaint maintains the counts and allegations from the original complaint, and accounts for mistakes made with respect to due process claims."  (ECF No. 15-1, Letter from Kunal Sharma, Esq. dated March 25, 2016.)

The changes to the proposed Amended Complaint are minor.  In the "Relief section of his Original Complaint, Plaintiff sought a Declaratory Judgment that Defendants violated the Due Process Clause of the 5th Amendment as applied to the States by the Fourteenth Amendment in failing to provide monetary compensation for work credits accrued and awarded to Plaintiff. (Original Compl. at ¶ 18.)  Plaintiff also sought "[issuance of a mandatory injunction ordering Defendants to create and institute a policy and procedure that will enable Defendants to compensate people who were sentenced and served the entirety of a term of 30 years with a 30 year term parole disqualifier for work credits accrued and awarded."  (*Id.* at ¶ 19.)   In the "Relief" section of his proposed Amended Complaint, Plaintiff seeks a "Declaratory Judgment

3

that Defendants have violated the <u>Due Process and Equal Protection Clauses of the 14th Amendment</u> in failing to provide monetary compensation for work credits accrued and awarded to Plaintiff and others similarly situated." (ECF No. 15-4, Am. Compl. at ¶ 18.) In the Amended Complaint, he requests the same mandatory injunction to provide monetary compensation for the unused work credits. (*Id.* at ¶ 19.) In his Amended Complaint, Plaintiff also alleges the claims for relief on behalf of himself "and those similarly situated[.]" (*Id.* at ¶ 18.)

### III.  STANDARD OF REVIEW

Fed. R. Civ. P. 15(a)(2) allows a party to amend its pleading by leave of court when justice so requires. Leave to amend pleadings is to be freely given. Fed. R. Civ. P. 15(a)(2); *see also Valentine v. Bank of Am.*, No. CIV.A. 09-262 (SDW), 2010 WL 421087, at *1–2 (D.N.J. Feb. 1, 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The decision to grant leave to amend rests within the discretion of the court. *Id.* (citing *Foman*, 371 U.S. at 182). Leave to amend may be denied on the basis of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment. *See id.*

Courts may properly deny a motion to amend when the amendment would not withstand a motion to dismiss. *Id.* (citing *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir.1983). With respect to futility, "[it is] clear that an amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3 d Cir. 1997); *see also Harrison Beverage Co. v. Dri beck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990), (reasoning that an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." (citations and quotations omitted)). As such, "[i]n assessing futility, the district court applies the same standard

4

of legal sufficiency as applies under Rule 12(b)(6)." *Burlington*, 114 F.3d at 1434 (citing *Glassman*, 90 F.3d at 623) (further citation omitted)).

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must allege, in more than legal boilerplate, those facts about the conduct of each defendant giving rise to liability." *Marra v. Twp. of Harrison*, 913 F. Supp. 2d 100, 104–05 (D.N.J. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "These factual allegations must present a plausible basis for relief (*i.e.*, something more than the mere possibility of legal misconduct)." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir. 2002)). The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

## IV. ANALYSIS

Plaintiff's proposed Amended Complaint alleges that the Defendants' failure to provide him with monetary compensation for his unused work credits violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and he seeks both declaratory and injunctive relief that would provide him and others similarly situated with financial compensation for the

unused work credits.  The Court assesses whether Plaintiff's allegations and the amendments in the proposed Amended Complaint are sufficient to survive Defendants' motion to dismiss.

    a. **Due Process Claim**

In his Original Complaint, Plaintiff alleges that Defendants' alleged failure to compensate him for work credits that he could not use to reduce his sentence violates the Due Process Clause of the Fifth Amendment.[3]  As noted by Defendants, the Due Process Clause of the Fifth Amendment applies only to the federal government and does not apply directly to the States.  The Fifth Amendment provides, *inter alia*, that no person "shall be deprived of life, liberty, or property without due process of law."  U.S. Const. amend. V.  "The limitations of the [F]ifth [A]mendment[,] [however,] restrict only federal governmental action ..." *Nguyen v. U.S. Catholic Conference*, 719 F.2d 52, 54 (3d Cir. 1983).  Accordingly, the rights provided by the Fifth Amendment do not apply to the actions of state officials.  *Leventry v. Watts*, No. Civ.A.06–193, 2007 WL 1469038, at *2 (W.D. Pa. May 17, 2007) ("[T]he Fifth Amendment restricts the actions of federal officials, not state actors."); *Kopchinski v. Green*, No. 05–6695, 2006 WL 2228864, at *1 (E.D. Pa. Aug.2, 2006) (finding that because defendants were state actors, plaintiff's Fifth Amendment claims could not survive summary judgment); *Myers v. Cty. of*

---

[3] Plaintiff's credits went unused because the statute under which Plaintiff appears to have been sentenced, N.J.S.A. § 2C:11-3b, makes clear that those convicted of murder are to have sentences that include a thirty-year mandatory minimum term of imprisonment.  *See State v. Ramseur*, 524 A.2d 188 (N.J. 1987) (noting that N.J.S.A. § 2C:11-3b requires a mandatory minimum of thirty years imprisonment); N.J.S.A. § 34:4-123.51a (making clear that "commutation and work credits shall not in any way reduce any judicial or statutory mandatory minimum term ...."); *see also Merola v. Dep't of Corr.*, 667 A.2d 702 (N.J. Super. Ct. App. Div. 1995) (holding that commutation credits cannot be used to obviate a mandatory minimum sentence or parole ineligibility term).

*Somerset*, 515 F. Supp. 2d 492, 504 (D.N.J. 2007), aff'd, 293 F. App'x 915 (3d Cir. 2008) (explaining same).

Plaintiff's Amended Complaint drops the reference to the Fifth Amendment, and alleges that the failure to compensate him for work credits that could not be used to reduce his sentence violates the Due Process Clause of the Fourteenth Amendment. The Fourteenth Amendment Due Process Clause states that "[n]o state ... shall deprive any person of life, liberty, or property, without due process of law." 2 U.S. Const. amend. XIV. In order to state a due process claim, however, Plaintiff must demonstrate that he was deprived of an interest protected by the Fourteenth Amendment. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006). Plaintiff does not explain what type of protectable interest triggers his due process rights. Traditionally, however, a liberty interest in a prison condition can arise in two ways: "from the Due Process Clause itself or from laws regulating the treatment of prisoners which use language of a mandatory character, such as the words "shall," "will" or "must," to restrict the freedom of prison authorities to make such decisions." *See James v. Quinlan*, 866 F.2d 627, 629 (3d Cir. 1989) (citing *Hewitt v. Helms*, 459 U.S. 460, 466 & 469–72 (1983) (receded from by *Sandin v. Conner*, 515 U.S. 472 (1995).

With respect to state-created liberty interests, the Supreme Court, in *Sandin v. Conner*, *supra*, "recognize[d] that States may under certain circumstances create liberty interests which are protected by the Due Process Clause." The Court held, however, that state-created liberty interests "will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* Because Plaintiff's request for monetary compensation for his unused work credits does not relate to freedom from restraint that imposes atypical and significant hardship on an inmate,

there can be no state-created liberty interest in financial compensation for unused work credits. *See Wofford v. Lanigan*, No. 14-5723 (ES) (JAD), 2015 WL 9480016, at *5 (D.N.J. Dec. 28, 2015) (explaining same).

It is also well-settled that prisoners have no inherent constitutional right to a prison job and no inherent constitutional right to wages for work performed while incarcerated. *See Planker v. Christie*, 2015 WL 268847, at *28 (D.N.J. Jan. 21, 2015) (citing *Washlefske v. Winston*, 234 F.3d 179 (4th Cir. 2000); *Beatty v. DeBruyn*, 77 F.3d 484 (Table), 1996 WL 80168, at *1 (7th Cir. 1996) ("[I]f prison officials can constitutionally require inmates to work without pay, they can certainly deny prisoners pay for doing nothing."); *Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (prisoner has no constitutional right to prison employment or a particular prison job); *Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir. 1963) (noting that, because the Thirteenth Amendment excludes convicted criminals from the prohibition of involuntary servitude, prisoners may be required to work without pay), cert. denied, 375 U.S. 915 (1963); *Sigler v. Lowrie*, 404 F.2d 659, 661 (8th Cir. 1968) (noting that there is no Constitutional right to compensation for prison work; compensation for prison labor is "by grace of the state"); *see also Murray v. Miss. Dept. of Corr.*, 911 F.2d 1167, 1167–68 (5th Cir. 1990) ("Compelling an inmate to work without pay is not unconstitutional ... compensating prisoners for work is not a constitutional requirement but, rather, is by the grace of the state.")). Moreover, New Jersey courts have also held that New Jersey inmates "do not have a 'liberty interest in a particular, or any, job assignment, nor in the wages or credits that can be earned by performing a prison work assignment.'" *Shabazz v. New Jersey Dep't of Corrections*, 385 N.J. Super. 117, 129 (App. Div. 2006) (quoting *Lorusso v. Pinchak*, 305 N.J. Super. 117, 119 (App.Div.1997), *certif. denied*, 153 N.J. 403 (1998)).  As

such, Plaintiff has no inherent constitutional right to paid for his work or his unused work credits. Furthermore, in his Complaint, Plaintiff does not appear to dispute the contention by Defendant Levay that Plaintiff was "paid for the days [he] worked." (*See* Am. Compl. at ¶ 16.)  As such, it does not appear that Plaintiff worked during his period of incarceration without any compensation whatsoever.

Plaintiff likewise does not have a recognizable property interest in his work credits. "Property interests . . . are not created by the Constitution.  Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *James*, 866 F.2d at 630 (citing *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)).  To have a property interest in a benefit, Plaintiff "must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.* (internal citations omitted).  Plaintiff appears to contend that New Jersey's compensation statute mandates that he receive monetary compensation for his work credits.  (*See* Am. Compl. at ¶ 14.) However, Plaintiff had no "legitimate claim of entitlement" to his work credits, and thus no cognizable property interest, because their issue is wholly discretionary under New Jersey's compensation statute.  *See* N.J.S.A. § 30:4-92 ("Compensation for inmates of correctional institutions *may* be in the form of cash or remission of time from sentence or both.")(emphasis added). Because the language of the statute is permissive rather than mandatory, an inference arises that Defendants are not required to provide cash compensation to inmates.  *See Powell v. Weiss*, 757 F.3d 338, 345 (3d Cir. 2014) (citing *Hewitt v. Helms*, 459 U.S. 460, 472 (1983)); *see also Wofford*, 2015 WL 9480016, at *3–4 (explaining same).

For the reasons explained above, Plaintiff does not have a liberty or property interest in his work credits, and thus does not have a protectable interest that triggers due process protection. Accordingly, Plaintiff's motion to amend his due process claim arising under the Fourteenth Amendment is denied as futile, and that claim is dismissed with prejudice.

### b. Equal Protection Claim

Plaintiff also alleges that the alleged refusal to compensate him for his work credits after his release violates the Equal Protection Clause of the Fourteenth Amendment. A plaintiff asserts a valid equal protection claim when he is either (a) a member of a protected class and was treated differently from members of an unprotected class, or (b) he belongs to a "class of one" and was treated differently from others similarly situated without any rational basis for the difference in treatment. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 563 (2000). Here, Plaintiff does not allege in his Complaint that he is a member of any suspect class; nor does he allege that he makes up a cognizable "class of one." That is, Plaintiff does not allege that he was treated differently because of his membership in a protected or suspect class, or that other prisoners similarly situated were treated differently. *See, e.g., Wofford*, 2015 WL 9480016, at *5 (dismissing without prejudice equal protection claim premised on the denial of compensation for work credits that could not be used to reduce a mandatory sentence).

Because Plaintiff does not allege any facts in his Complaint that could make out a claim for an equal protection violation, Plaintiffs' claim is dismissed without prejudice. *See Iqbal*, 556 U.S. at 665 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").

### V. **CONCLUSION**

For the reasons explained in the foregoing Opinion, Plaintiff's motion to amend is denied as futile, and Defendants' motion to dismiss is granted. Plaintiff's Fourteenth Amendment due process claim is dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's Fourteenth Amendment equal protection claim is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In light of the dismissal of his substantive claims, Plaintiff's request for declaratory and injunctive relief is likewise denied.[4]

s/Freda L. Wolfson<br>
Freda L. Wolfson, U.S.D.J.

Date: August 30, 2016

---

[4] Having dismissed Plaintiff's substantive claims, the Court need not separately address Plaintiff's request for declaratory relief. The federal Declaratory Judgment Act is procedural and is not an independent basis for federal jurisdiction, so an action cannot proceed as a declaratory judgment action alone. *See MIIX Ins. Co. v. Associated Women's Health Specialists, P.C.*, No. CIV. 07-1635, 2007 WL 4163999, at *8 (D.N.J. Nov. 19, 2007) (explaining that "[t]he Declaratory Judgment Act is not an independent basis for federal subject matter jurisdiction; rather, "it gives district courts statutory discretion to decide whether to entertain actions for declaratory judgments") (citing *Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1222 (3d Cir. 1989)); *see also Moore v. Democratic Cty. Executive Comm. of Philadelphia*, No. CIV.A. 14-3847, 2014 WL 5780879, at *7 (E.D. Pa. Nov. 6, 2014) (citing *Luis v. Dennis*, 751 F.2d 604, 607 (3d Cir. 1984) (noting the Declaratory Judgment Act is "procedural in nature" and does not itself confer jurisdiction)); *Queen City Pizza, Inc. v. Domino's Pizza, Inc.*, 922 F. Supp. 1055, 1063–64 (E.D. Pa. 1996)( dismissing declaratory judgment and state law claims after concluding that the plaintiffs' federal antitrust claims must be dismissed and finding no basis for diversity jurisdiction), *aff'd*, 124 F.3d 430 (3d Cir. 1997)).